# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| CHRISTINE ROCHA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-17-CV-73-PRM |
| | § | |
| MACY'S RETAIL HOLDINGS, | § | |
| INC., | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION
## AND ORDER DENYING DEFENDANT'S
## MOTION TO ABATE AND COMPEL ARBITRATION

On this day, the Court considered Defendant Macy's Retail Holdings, Inc.'s [hereinafter, "Defendant"] "Motion to Abate and to Compel Arbitration" (ECF No. 24) [hereinafter "Motion"], filed on August 3, 2017, Plaintiff Christine Rocha's [hereinafter "Plaintiff"] "Response in Opposition to Defendant's Motion to Abate and Compel Arbitration" (ECF No. 27) [hereinafter "Response"], filed on August 15, 2017, and Defendant's "Reply in Support of its Motion to Abate and to Compel Arbitration" (ECF No. 29) [hereinafter "Reply"], filed on August 22, 2017, in the above-captioned cause.

After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her "Original Petition" in Texas state court on January 31, 2017. Not. Removal Ex. A, Mar. 13, 2017, ECF No. 1. After Defendant removed the case to federal court, Plaintiff filed an amended complaint on May 18, 2017 pursuant to the Court's "Standing Order to Replead in Removed Cases." *See* Pl.'s Compl. of May 18, 2017, ECF No. 18 [hereinafter "Amended Complaint"]. In her Amended Complaint, Plaintiff alleges that she suffered an injury while she was employed by Defendant. Am. Compl. 2. Plaintiff alleges that she and another employee both worked at the jewelry department at Defendant Macy's. *Id.* Plaintiff avers that the other employee held "the doors of the cabinet while Plaintiff was on her knees filling in jewelry. The employee struck Plaintiff with the jewelry door causing Plaintiff to get injured." *Id.* As a result, Plaintiff sued Defendant for negligence and premises liability. *Id.* at 3–4.

On August 3, 2017, Defendant moved to abate this matter and compel Plaintiff's claims to arbitration. Mot. 1. As an employer that does not voluntarily subscribe to Texas's workers' compensation insurance system, Defendant has its own "Injury Benefit Plan for Texas

Employees" [hereinafter "Plan"]. *Id.* at 2. Pursuant to the Plan, "all claims and disputes pertaining to work-related injuries as described by the Plan are subject to final and binding arbitration." *Id.* at 3. An employee automatically "becomes an eligible participant" in the Plan if they are "employed in the regular business of, and receive[ ] pay by means of a salary, wage or commission directly from, Macy's." *Id.* at 5. Defendant claims Plaintiff "automatically became a participant in the Plan" when it hired her. *Id.* The Summary Plan Description ["SPD"], which Defendant alleges all Macy's employees either receive a copy of or "have access to," provides that "any legal or equitable claim . . . for any form of physical . . . harm which relates to an accident . . . including, but not limited to, claims of negligence" is subject to arbitration. *Id.* Plaintiff argues she "did not receive any notice of the purported agreement" and thus that any such agreement is not enforceable.[1] Mot. 5.

---

[1] Plaintiff makes numerous other arguments in her lengthy Response regarding why the Court should decline to compel arbitration in this case. *See generally* Resp. Because the Court concludes that without notice, no valid agreement can exist, and further finds that Defendant has not shown that Plaintiff received notice of the arbitration provision, the Court will not address Plaintiff's remaining arguments.

3

## II. LEGAL STANDARD

When considering a motion to compel arbitration under the Federal Arbitration Act ("FAA"), courts employ a two-step analysis. "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)).

The first step of the analysis—whether the parties agreed to arbitrate the dispute in question—consists of two distinct prongs: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* at 418–19 (quoting *Webb*, 89 F.3d at 258). "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d

4

260, 264 (5th Cir. 2004). By citing primarily Texas state law, both parties indicate their agreement that Texas law governs the validity of the contract at issue.

## III. DISCUSSION

Here, Plaintiff argues that there was no valid arbitration agreement because she did not receive notice of any such agreement, sign the agreement, or consent in some other way to arbitration. Resp. 4–5. If the Court decides that no valid arbitration agreement exists, it need not proceed further to determine issues about the scope of the agreement or whether other legal principles foreclose arbitration.

"Arbitration under the [FAA] is a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989). "[T]he FAA 'does not require parties to arbitrate when they have not agreed to do so,' and its purpose is to make arbitration agreements 'as enforceable as other contracts, but not more so.'" *Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 419 (Tex. App.—Dallas 2011, pet. denied) (quoting *Roe v. Ladymon*, 318 S.W.3d 502, 510 (Tex. App.—Dallas 2010, no pet.)). Although public policy favors arbitration, arbitration is also a creature of contract. *In Estate of*

*Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App.—El Paso 2004, orig. proceeding)). Thus, "[i]n deciding whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration." *Id.*

"Similar to a motion for summary judgment, and subject to the same evidentiary standards, the party alleging an arbitration agreement must present summary proof that the dispute is subject to arbitration . . . and the party resisting arbitration may contest the opponent's proof or present evidence supporting the elements of a defense to enforcement." *Doe v. Columbia N. Hills Hosp. Subsidiary*, L.P., 521 S.W.3d 76, 81 (Tex. App.—Forth Worth 2017, pet. filed). "To establish [that] a valid arbitration agreement exists, an employer must show the employee received notice of the employer's arbitration policy and accepted it." *Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 838 (Tex. App.—Dallas 2013, no pet.). The Texas Supreme Court has "stressed the importance of notice" to the employee of an employer's arbitration policy. *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006). If an employer seeking to compel arbitration does not

provide sufficient evidence that the employee received notice of an arbitration policy, the employer's motion to compel arbitration pursuant to that policy may be denied. *See Akin*, 409 S.W.3d at 841–42 (upholding denial of an employer's motion to compel arbitration where the employer failed to adduce sufficient proof that its employee had notice of its arbitration policy).

The Court finds that Defendant has not produced sufficient evidence to carry its burden of showing that Plaintiff was put on notice of Macy's arbitration policy. As an initial matter, the Agreement that Defendant attached to its Motion as Exhibit A-1 is not signed by either party. "Under standard contract principles, the presence or absence of a party's signature on a written contract is relevant to determining whether there was an intent for an agreement to be binding." *Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 167 (Tex. App.—El Paso 2015, no pet.) (citing *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex. App.—El Paso 2015, no pet.)). While "the FAA does not require that the agreement be signed by both parties[,]" *id.* (citing *In re Bunzl*, 155 S.W.3d at 210), the Defendant still has the burden of providing some other evidence "to prove the party unconditionally and mutually

7

assented to the terms of the contract[,]" *Lujan v. Alorica*, 445 S.W.3d 443, 448–49 (Tex. App.—El Paso 2014, no pet.); *see also Akin*, 409 S.W.3d at 841–42 (holding that the plaintiff had not received notice of and thus had not assented to an arbitration agreement where he had signed other documents that incorporated the agreement by reference but had never seen or heard of the arbitration agreement and did not sign the actual document).

First, Defendant never specifically alleges that Plaintiff received a copy of the arbitration agreement when she was hired. Instead, Defendant claims "Plaintiff was provided [with the SPD] as a new employee (or, in the alternative, . . . Plaintiff had ample access to [the SPD] via the Human Resources Department)[.]" Mot. 5. Defendant implies that even if it did not provide Plaintiff with the SPD (which Defendant admits is a possibility), Plaintiff's ability to affirmatively request the document from Human Resources constitutes "notice" of the arbitration provision sufficient to create a binding contract between the employer and employee. Mot. 4. The Court disagrees. "The fact that a document was 'available' for inspection does not demonstrate that [an employee] had notice of the document." *Akin*, 409 S.W.3d at 842; *Doe*,

8

521 S.W.3d at 82 ("[M]erely posting an arbitration policy on an intranet site is insufficient to give an employee notice."). Thus, Defendant must provide evidence that it gave Plaintiff actual notice of its arbitration policy, not merely that it had copies of the policy available that employees could request from Human Resources.

To that end, Defendant provides a lone affidavit from one "Gabriel Serrano" to attempt to show that Plaintiff was given a copy of the SPD at some point during her employment. Mot. Ex. A. That affidavit [hereinafter "Serrano Affidavit"] suggests that "all newly hired employees" receive a copy of Macy's Injury Benefit Plan and accompanying Plan Description. Mot. Ex. A at 2. Gabriel Serrano avers specifically that Plaintiff "Christine Rocha was provided with a copy of the Macy's, Inc. Injury Benefit Plan for Texas Employees Summary Plan Description [SPD] during her employment with Macy's." *Id.*

The Serrano Affidavit contains the only explicit statement that Plaintiff actually received the SPD upon being hired. However, it is unclear to what extent Defendant adopts that claim in its Motion because of its equivocal statement regarding whether Plaintiff received the documents or merely had "access" to them via Human Resources.

9

Mot. 5.  Nonetheless, construing Defendant's argument generously and assuming it adopts this statement in the Serrano Affidavit, "[a]n affidavit must disclose the basis on which the affiant has personal knowledge of the facts asserted." *Akin*, 409 S.W.3d at 841 (citing *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988)).  "Affidavits not based on personal knowledge are not competent evidence; the affidavit must affirmatively show a basis for such knowledge." *Id.* (citing *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542–43 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).

Here, the Serrano Affidavit provides absolutely no detail regarding who Gabriel Serrano is.  The affidavit simply states that he has "personal knowledge of the matters set forth in this affidavit."  Mot. Ex. A at 1.  The affidavit is devoid of basic factual support or context, such as where or with whom Mr. Serrano is or was employed, how he relates to the subject matter of this litigation, how he knows about Defendant's company policies, or how he knows that a specific employee received specific documents at a specific time.  Defendant's Motion cites the affidavit just once and provides no further detail.  Thus, the Serrano Affidavit fails to affirmatively show any basis for Mr. Serrano's

10

purported personal knowledge. The Court accordingly concludes that the Serrano Affidavit is not competent evidence. *See Akin*, 409 S.W.3d at 841–42 (finding an affidavit not to be competent where the affiant claimed the plaintiff received notice of arbitration at a meeting but failed to describe how the affiant's position as "custodian of records" gave her knowledge of such a meeting, "what the substance of the discussion at the meeting was, how she otherwise might have come to know the substance of the meeting, who attended the meeting, or . . . whether [the plaintiff] was at the meeting").

In its Reply, Defendant argues that "the Plaintiff does not deny reviewing the Benefit Plan and does not deny signing Macy's New Higher [sic] Acknowledgement[,]" she "only claims not to 'remember' signing the acknowledgement." Reply 3. Further, Defendant claims that Plaintiff has provided "no evidence that there was not a meeting of the minds at the time of Plaintiff's employment." *Id.*

Defendant's argument is unconvincing. It is true that Plaintiff has provided a sworn statement that "she signed several documents" when she was hired. Resp. Ex. 5 at 2. However in that same statement, she claims she "never read Defendant MACY'S Summary Plan Document[,]"

11

was not informed that the Summary Plan Document was available to her, "was not aware that she was agreeing to arbitration[,]" and "did not intend nor consent to [her] claim arising out of a work place injury to be subject to any arbitration agreement." Resp. Ex. 5 at 2. At best, Defendant has shown that Plaintiff "signed several documents" but does not remember whether she signed the SPD. However, it is not Plaintiff's burden to prove she *did not* agree to arbitration. Quite the contrary, Defendant must convince the Court that Plaintiff did assent to arbitration. It is of no consequence that Defendant does not remember whether she signed any such agreement or that she cannot affirmatively prove that she did not agree. Rather, Defendant must come forth with competent and credible evidence that allows the Court to make a determination that such an agreement does exist.

Here, in attempting to satisfy its burden, Defendant has provided the Court with the following documents: (1) a forty-eight-page Summary Plan Description containing an arbitration provision on page thirty-eight and a blank signature page on Appendix B (titled "Receipt, Safety Pledge, and Arbitration Acknowledgement"); and (2) an unreliable affidavit from an unidentified individual who claims to have personal

knowledge that Plaintiff received this document. This is insufficient evidence for the Court to conclude that Plaintiff received notice of any arbitration provision, and thus "unconditionally and mutually assented to the terms of the contract."[2] *Lujan*, 445 S.W.3d at 448–49.

Finally, even if there was no initial notice, Defendant argues that Plaintiff's acceptance of Plan benefits after her workplace injury "also evidences Plaintiff's agreement to the arbitration provisions of the Plan." Mot. 5. This argument also fails. "Ratification occurs if a party recognizes the validity of a contract by acting or performing under the contract or by otherwise affirmatively acknowledging it." *Akin*, 409 S.W.3d at 842 (citing *Barrand, Inc. v. Whataburger*, Inc., 214 S.W.3d 122, 146 (Tex. App.—Corpus Christi 2006, pet. denied)). "In order for ratification to be applicable it must be shown that the person ratifying did so with knowledge of the facts." *Id.* (citing *Norman v. Safway Products, Inc.*, 404 S.W.2d 69, 71 (Tex. Civ. App.—Dallas 1966, no writ)).

---

[2] There is some Texas law suggesting that where there is a genuine question of material fact concerning the existence of an agreement, trial courts "must conduct an evidentiary hearing to resolve the disputed material facts." *See In Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). However, neither party in this case has requested such a hearing, nor have they addressed the applicability of that state procedural rule to a federal district court. Therefore, the Court declines to hold such a hearing.

Here, Defendant points to no evidence that Plaintiff had any knowledge of the arbitration agreement when she accepted Plan benefits. Thus, Defendant's argument that Plaintiff ratified the arbitration agreement by accepting benefits under the Plan is not supported by law. *See id.* ("[T]here is nothing in the record to show [Plaintiff] had any knowledge of the arbitration agreement when he accepted benefits under the occupational injury benefit plan . . . . [T]hus[,] [Defendant] failed to show that [Plaintiff] ratified the arbitration agreement by accepting medical and indemnity benefits.").

For the foregoing reasons, the Court will deny Defendant's Motion.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Macy's Retail Holdings, Inc.'s "Motion to Abate and to Compel Arbitration" (ECF No. 24) is **DENIED**.

**SIGNED** this **3rd day** of **October, 2017**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**